FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY 2 9 2002

Robert M. March
CLERK

BY  dd  DEP. CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
ex rel PIONEER PAVING, a New
Mexico Sole Proprietorship,

    Plaintiff,

v.                                       CIV 01-391 LH/KBM

PI CONSTRUCTION CORPORATION,
a Foreign Corporation and
ACSTAR INSURANCE COMPANY,
a Foreign Corporation,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On April 24, 2002, I entered an Order to Show Cause setting a hearing in Albuquerque for Tuesday, May 13, 2002 at 8:30 a.m. requiring Defendants to show cause why sanctions should not be imposed upon them for failure to cooperate in the discovery process. Although my Order expressly directed that ***"Defendants shall attend in person with their attorney unless expressly excused by the Court,"*** only Mr. David Gorman (counsel for Plaintiff) and Mr. David Houliston (counsel for both Defendants) appeared at that hearing.

I was informed by Mr. Houliston that Defendant PI Construction Corporation has dissolved and efforts to locate the principals have failed. On the other hand, Mr. Houliston was able to contact Acstar Insurance Company (the defendant bonding company) and, as an officer of the court, he represented that Defendant Acstar had notice of the show cause hearing. He indicated that Acstar was further aware that I had expressly directed its authorized representative

27.

to physically attend that hearing.

Mr. Houliston further stated that consistent with his Rule 11 obligations, he has purposefully failed to respond on behalf of the defendants to the pending Motion for Summary Judgment now ready for ruling by District Judge Hansen. Pursuant to D.N.M.LR-CIV. 7.5, "Failure to serve (or file, if required by these rules) a response in opposition to any motion constitutes consent to grant the motion." Moreover, I have reviewed the motion for summary judgment and the supporting documents and find the motion to be well taken on the merits. I will therefore recommend that the presiding judge enter the attached proposed judgment for the Plaintiff against both defendants jointly and severally.

A court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). The determination of the appropriate sanction is a fact-specific inquiry made by the Court. *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992).

Defendant PI had attempted settle this case in good faith and paid almost three-fourths of the outstanding balance to Plaintiff before its financial failure. I find a lack of culpability on its part for the delays encountered in this lawsuit. Defendant Acstar, on the other hand, appears unwilling to make good on its obligations as required by the Miller Act and yet has manifested a complete lack of interest in actively defending this matter. Moreover, Acstar has deliberately and willfully disregarded the lawful orders of this Court.

Plaintiff has been substantially prejudiced in both time and legal expenses by Acstar's purposeful dilatory tactics. Acstar has significantly interfered with the Court's obligation "to secure the just, speedy and inexpensive determination" of this action. FED. R. CIV. P. 1. I have made it clear in the past that I would consider sanctions if Acstar continued to ignore the orders

of the court and failed to cooperate with its counsel of record.

I have provided the defendants with an opportunity to be heard. Rule 37(g) expressly notes that the court is authorized to require the offending party or attorney "to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Therefore, I find that the appropriate sanction should require Acstar Insurance Company to pay $2,031.52 to Use Plaintiff PI Construction in partial compensation for its cost and attorney fees incurred in this action. I further find that no lesser sanction would be effective to punish and deter such conduct in the future.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the presiding judge grant summary judgment for the Plaintiff against both defendants for the reasons set forth in the supporting memorandum.

**IT IS FURTHER RECOMMENDED** that the attached proposed order and judgment be entered for the Use Plaintiff granting recovery of damages on its claims against the defendants and with the imposition of sanctions only against Defendant Acstar Insurance Company directing it to pay to the Use Plaintiff the sum of $2,031.52.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). A **party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a true copy
of this recommendation was
mailed to all counsel of record this
29th day of May, 2002.

_____
Dixie E. Doughty

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, ex rel.
PIONEER PAVING, a New Mexico sole
proprietorship,

        Plaintiff,

v.                                  Case Number: **CIV-01 0391 LH/KBM**

PI CONSTRUCTION CORPORATION,
a Foreign Corporation and ACSTAR
INSURANCE COMPANY, a Foreign
Corporation,

        Defendants.

## ORDER AND JUDGMENT GRANTING SUMMARY JUDGMENT AND IMPOSING SANCTIONS

This matter came before the Court on Use Plaintiff's Motion for Summary Judgment against defendants PI Construction Corporation and Acstar Insurance Company and on Magistrate Judge Molzen's recommendation that sanctions be imposed upon defendant Acstar Insurance Company for failure to cooperate with its counsel in defending this action and for failure to appear in person on May 13, 2002 as required by Magistrate Judge Molzen's Order to Show Cause dated Aril 24, 2002.

The Court has reviewed Use Plaintiff's Motion for Summary Judgment and has noted that no opposition has been filed by either defendant, thus constituting consent to grant the motion under DNMLR-CV 7.5(b). The Court finds that there is no genuine issue of material fact and that Use Plaintiff is entitled to judgment as a matter of law on all claims asserted against

1

defendants. It is hereby ordered that judgment be entered against defendants PI Construction Corporation and Acstar Insurance Company, jointly and severally, in the principal amount of $11,580.59 plus accrued interest in the amount of $4,923.79.

The Court has also reviewed the recommendations of Magistrate Judge Molzen concerning defendant Acstar's failure to cooperate in this matter including its failure to appear as required by Magistrate Judge Molzen's Order to Show Cause. The Court finds that the recommended sanction of $2,031.52 is appropriate to punish Acstar Insurance Company for its failure to cooperate and that no lesser sanction would be effective. Therefore, defendant Acstar Insurance Company is ordered to pay the sum of $2,031.52 to Use Plaintiff in partial compensation for its costs and fees incurred in this action. This sanction shall be added to the final judgment to be entered in this action, for a total judgment of $ 18,535.90.

Counsel for use-plaintiff shall submit a cost bill within ten (10 )days of this order and judgment.

_____
DISTRICT COURT JUDGE

Approved as to form ~~and content~~: (ov)

/s/ *See attached letter*
_____
David M. Houliston
Attorney for Defendants


Approved as to form and content:

_____
David P. Gorman
Attorney for Use Plaintiff

E:\DATA\TXTLIB\78601128\Pldgs\sj.order.wpd

2

WILLIAM C. MADISON
MICHAEL W. BRENNAN
MICHAEL H. HARBOUR
ROBERT J. MROZ
NEILS L. THOMPSON
M. ELIZA STEWART
DAVID M. HOULISTON
GREGORY D. STEINMAN
MICHAEL J. DEKLEVA
SHANNON A. PARDEN
TIMOTHY L. WHITE
MICHELE U. ESTRADA
SCOTT E. TURNER
S. ALLEN GILES
ADA B. MILLER
ROBIN S. FOWLER
ETHAN M. PRESTON
PATRICIA K. HOLMES
KERRI L. SANCHEZ

**MADISON, HARBOUR, MROZ & BRENNAN, P.A.**

ATTORNEYS & COUNSELORS AT LAW
ALBUQUERQUE PLAZA
201 THIRD STREET NW, SUITE 1600
ALBUQUERQUE, NEW MEXICO 87102

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

E-MAIL: Firm@madisonlaw.com

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

CODY K. KELLEY
OF COUNSEL

May 21, 2002

*Via Facsimile No. (505) 528-1485*

The Honorable Karen B. Molzen
United States Magistrate Judge
United States District Court
200 E. Griggs
Las Cruces, NM 88001

    Re:    <u>Pioneer Paving v. PI Construction and Acstar Insurance Co.</u>
            U.S. District Court Cause No. CIV-01-0391

Dear Judge Molzen:

I am in receipt of David Gorman's May 20, 2002, correspondence to you regarding the proposed form of Judgment. I have recently returned from out of town, thus the delay in providing a response to Mr. Gorman's proposed Judgment.

This letter will serve to provide my approval *as to form* of the proposed Judgment.

I hope that the delay in responding to the proposed Judgment has not inconvenienced the Court. Should you have any questions, please do not hesitate to contact me.

Sincerely,

David M. Houliston

DMH:pe
cc:    David P. Gorman

F:\DATA\16026\01001\LTR\DMH Ltr to Judge Molzen.wpd